

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00233-CR
_____

KEITH BECHURN TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49011-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

On December 5, 2019, Keith Bechurn Taylor pled guilty to family violence assault with a previous conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.). The trial court deferred a finding of guilt and placed Taylor on community supervision. On November 13, 2023, the trial court adjudicated Taylor guilty of that offense and sentenced him to five years' confinement, with an $850.00 fine. Taylor appeals.

Taylor's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 28, 2024, counsel mailed copies of the following to Taylor: (1) her *Anders* brief, (2) her motion to withdraw, and (3) a motion for pro se access to the appellate record lacking only Taylor's signature and the date. Counsel also advised Taylor that he had until June 12 to mail the motion for pro se access back to this Court. On May 28, this Court advised Taylor that his pro se motion for access to the record was "due on or before **Thursday, June 13, 2024**." We did not receive that pro se motion. On June 25, 2024, we notified Taylor that the case had been

set for submission on July 16, 2024. We received neither a pro se response from Taylor nor a motion requesting an extension of time in which to file such a response. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## I. Bill of Costs

We have reviewed the certified bill of costs with total costs of $2,014.00. "Only statutorily authorized court costs may be assessed against a criminal defendant . . . ." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002). On appeal, "we review the assessment of court costs . . . to determine if there is a basis for the cost." *Id.* at 390.

Of the $2,014.00 amount, only $764.00 is authorized. The unauthorized costs are as follows:

- Attorney Fee - $425.00
- DC-Time Payment Fee - $25.00
- Fine - $800.00[1]

### A. Attorney Fee

The trial court found that Taylor was indigent. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). Here, the trial court did not make a finding that there

---

[1]We will discuss the fine in the final section of the opinion.

3

was a "material change" in Taylor's financial circumstance. *Id.* Consequently, he is still presumed indigent, and the trial court had no basis for assessing attorney fees.

In the bill of costs, there are two charges of $425.00 for attorney fees. One fee of $425.00 was assessed as a part of community supervision, and we will not delete that amount since it was a condition of community supervision. *See Wiley v. State*, 410 S.W.3d 313, 319–20 (Tex. Crim. App. 2013). The other fee of $425.00 was not assessed as a part of community supervision. As a result, because Taylor was found indigent and there was no change in his indigency status, the $425.00 must be struck.

### B. Time Payment Fee

As for the time payment fee, the Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

We strike "DC-Time Payment Fee" of $25.00 from the bill of costs.

4

## II.     Other Modifications to the Judgment

"We have the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in [the] trial court; we may act sua sponte and may have a duty to do so." *Id.* (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd); *French*, 830 S.W.2d at 609). "The Texas Rules of Appellate Procedure also provided direct authority for this Court to modify the trial court's judgment." *Id.* (citing Tex. R. App. P. 43.2).

There are two parts of the judgment adjudicating guilt that we must modify. First, the judgment includes a fine of $850.00, but the trial court did not assess a fine when Taylor was adjudicated guilty. Thus, that fine must be deleted from the judgment. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003), *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (orig. proceeding), *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)) (recognizing "[w]hen there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls"). We, therefore, modify the judgment by changing "Fines: $**850.00**" to "Fines: $**0.00**." We also modify the bill of costs by deleting the fine of $800.00.

Second, under the section "Plea to Motion to Adjudicate," the judgment states that Taylor pled "**TRUE**." According to the hearing transcript, Taylor pled true to one allegation and not true to the other allegation. As a result, we modify the "Plea to Motion to Adjudicate" from "**TRUE**" to "**NOT TRUE TO ALLEGATION 1; TRUE TO ALLEGATION 2**."

## III.    Conclusion

Consistent with the foregoing, we modify the bill of costs by striking the following costs totaling $1,250.00:

- Attorney Fee - $425.00
- DC-Time Payment Fee - $25.00
- Fine - $800.00

We modify the judgment adjudicating guilt as follows:

- "Reimbursement Fees: **$850.00**" changed to "Reimbursement Fees: **$425.00**,"
- "Fines: **$850.00**" changed to "Fines: **$0.00**," and
- "Plea to Motion to Adjudicate: **TRUE**" changed to "Plea to Motion to Adjudicate: **NOT TRUE TO ALLEGATION 1; TRUE TO ALLEGATION 2**."

As modified, we affirm the trial court's judgment.[2]

Jeff Rambin
Justice

Date Submitted:     July 16, 2024
Date Decided:       September 5, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.